# UNITED STATES DISTRICT COURT

## for the

Western District of North Carolina

United States of America

v.

Charles Morgan Harrell

)
)
)
)
)
)
)

Case No:  3:21-cr-252-KDB-SCR-1

USM No:  12801-018

Date of Original Judgment:  08/10/2022
Date of Previous Amended Judgment: _____
*(Use Date of Last Amended Judgment if Any)*

Taylor Goodnight
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 08/10/2022 shall remain in effect.
**IT IS SO ORDERED**.

Signed: February 5, 2024

Kenneth D. Bell
United States District Judge

Effective Date: _____
*(if different from order date)*

Kenneth D. Bell
*Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT:  Charles Morgan Harrell

CASE NUMBER:  3:21-cr-252-KDB-SCR-1

DISTRICT:  Western District of North Carolina

## I.  COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: _____     Amended Total Offense Level: _____

Criminal History Category: _____     Criminal History Category: _____

Previous Guideline Range: _____ to _____ months     Amended Guideline Range: _____ to _____ months

## II.   SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

☐ The reduced sentence is above the amended guideline range.

## III.   FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Defendant had "status points" under U.S.S.G. §4A1.1 in Amendment 821.  Defendant had 14 criminal history points before the addition of the 2 status points. (Doc. No. 23, ¶ 72). With the removal of 1 status point (because she had 7 or more criminal history points), criminal history points of 15 still equals a criminal history category of VI and thus no change in the sentencing guideline.  Furthermore, Defendant does not qualify as a zero-point offender under §4C1.1 in Amendment 821.